## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JASON SCHAR, | ) | CASE NO. 3:26-CV-584 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP II |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | JENNIFER DOWDELL |
| | ) | ARMSTRONG |
| Defendant. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

### I.     INTRODUCTION

In this action challenging the denial of social security benefits, Plaintiff Jason Schar ("Plaintiff") has requested to proceed in forma pauperis ("IFP"). (ECF No. 2.) This matter is before me pursuant to a referral under Local Rule 72.2 for preparation of a Report and Recommendation. (Non-document entry of March 11, 2026.) For the reasons set forth below, I RECOMMEND that the Court DENY Plaintiff's request to proceed IFP. I further RECOMMEND that, if the Court denies Plaintiff's request to proceed IFP, Plaintiff be ORDERED to pay the applicable filing fee within 14 days of the date of the Court's order.

### II.     BACKGROUND

On March 11, 2026, Plaintiff filed a Motion to Proceed in Forma Pauperis. (ECF No. 2.) Plaintiff's IFP application reflects that he has $3,143.00 in monthly expenses and $3,300.00 in monthly income, which consists of $1,100.00 in retirement income and $2,200.00 in disability income. (*Id.*) Plaintiff also reported that he has $1,600.00 in a checking account. (*Id.*) He also owns a home valued at $172,000.00, as well as a 2014 Cadillac Escalade vehicle valued at $14,000.00. (*Id.*) In response to the request on the IPF application to "[p]rovide any other

1

information that will help explain why you cannot pay the costs of these proceedings," Plaintiff

states:

> Due to my disability, I cannot work. I only collect a retirement and disability benefits. My house needs a lot of work to be made livable, and I cannot afford to fix all the issues. The money in my checking account is used to pay bills.  I barely have any extra money at the end of each month.  I am living paycheck to paycheck.  I cannot afford the filing fee for the case.[1]

(*Id.*)

### III.    LAW & ANALYSIS

Pursuant to  28 U.S.C. § 1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.*

*Hines v. Comm'r of Soc. Sec. Admin.,* No. 5:17CV2332, 2017 WL 6047651, at *2 (N.D. Ohio Dec. 7, 2017) is instructive here. In *Hines,* the district court adopted the magistrate judge's report and recommendation ("R&R") that the IFP application be denied because the plaintiff had a home with an estimated value of $175,000, two cars with a combined estimate of $5,000, and a balance of $451.92 in his savings and checking accounts. *Id.* at *1. In making this determination, the district court in *Hines* court overruled the plaintiff's argument in his objection to the R&R that "requiring him to prepay the $400 filing fee would force him to choose between depleting his savings and checking accounts, selling one of his two vehicles, or selling his home." *Id.* at *2; *see also Levet v. Comm'r of Soc. Sec.,* No. 1:14–CV–01378, 2014 WL 3508893, at *2 (N.D. Ohio July

---

[1] Plaintiff's statement is reproduced verbatim.

2

15, 2014) (adopting the magistrate judge's R&R where the plaintiff had a gross monthly income of over $3,000; owned three vehicles, including a minivan worth approximately $18,000; had a family home worth over $100,000; and had over $1,000 accessible in bank accounts).

Here, similar to the plaintiffs in *Hines* and *Levet,* Plaintiff has $1,600.00 accessible in a checking account, a home worth approximately $172,000.00, and a vehicle worth approximately$14,000.00. He also has a monthly net surplus of $157.00 per month, *i.e.,* $3,300.00 in monthly income and $3,143.00 in monthly expenses. In light of Plaintiff's cash on hand and assets, it appears he possesses the financial ability to cover the costs of filing the complaint without undue financial hardship. "Rather than a case where the filing fee poses an undue hardship, this is a case in which Plaintiff must 'weigh the financial constraints posed by pursuing her complaint against the merits of her claims.'" *Hines,* 2017 WL 6047651, at *2 (citing *Levet*, 2014 WL 3508893, at * 2; *Behmlander v. Comm'r of Soc. Sec.*, No. No. 12–CV–14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2022); *Brown v. Dinwiddie*, 280 Fed. App'x 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in a savings account and could thus afford the $455 filing fee for his appeal)). Accordingly, I find that Plaintiff is not eligible to proceed IFP and recommend that the Court DENY Plaintiff's application and require him to pay the filing fee.

## IV.     RECOMMENDATION

For the reasons set forth above, I RECOMMEND that the Court DENY Plaintiff's request to proceed IFP. I further RECOMMEND that, if the Court denies Plaintiff's request to proceed IFP, he be ORDERED to pay the applicable filing fee within 14 days of the date of the Court's order.

Dated: March 11, 2026

/s/ *Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

3

## V.       NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial

4

resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).